IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL VEGA IN HIS PERSONAL
CAPACITY AND AS PRESIDENT OF
DYNAMIC IMAGE TECHNOLOGIES
    Plaintiffs
    v.                                CIVIL NO. 97-2187 (DRD)
UNITED STATES OF AMERICA
    Defendants

## OPINION AND ORDER

Pending before the Court is defendant's motion to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Docket No. 17) The Court has reviewed the record, including plaintiff's opposition to defendant's motion, and determines that defendant's motion is **GRANTED** and plaintiff's case is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.[1]

### I.

### FACTUAL BACKGROUND

Pursuant to the Court's order of July 17, 1998, on August 6, 1998, plaintiff Rafael Vega presented amended complaint for damages founded on negligent supervision and intentional infliction of emotional distress by employees of the United States Postal Service (USPS). In

---

[1] By opinion and order dated July 20, 1998 (Docket No. 13), the Court dismissed most of plaintiffs' claims against defendants for various reasons (no waiver for contractual rights claims, 28 U.S.C. 2680 (h), libel and slander, misrepresentation and deceit among others.) The Court refused to dismiss plaintiff's claims for intentional infliction of emotional distress and negligent supervision holding that "[p]laintiffs did, however, allege the facts considered by the First Circuit in Santiago Ramírez I to be sufficient to provide adequate notice." In allowing plaintiffs to amend their complaint, the Court cautioned plaintiffs "that they must be cognizant that their amended complaint must be consistent with the administrative notice they provided to USPS before filing this complaint. A complaint, the scope of which extends beyond that notice, will be dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 2675." (Docket No. 13, section G)

1



essence, plaintiff alleges that during the Automail 95 convention celebrated by the USPS on July of 1995, plaintiff was unlawfully arrested by security officers acting under the supervision of USPS employees. The amended complaint states:

> During the convention Mr. Luis Rafael Peña, at the time Customer Service Manager for the USPS Caribbean District, informed the participants, which were all customers and potential customers, that no entity in Puerto Rico had CASS Certification, not withstanding [sic] the fact that he well knew that DIT was in fact certified, as evidence to that effect had been presented to him and other USPS Officers in Puerto Rico. Upon finding out that this had been communicated to all participants, this learned from clients and employees, Mr. Rafael Vega went before Ms. Lilly Young, Mr. Peña's supervisor and so informed. Ms. Young was shown the CASS certificates, and at the time stated that she would rectify Mr. Peña's actions; however, took no action. Mr. Vega patiently awaited. Mr. Peña again took the podium, however, did not rectify. As a consequence of this Mr. Rafael Vega stood up and requested to ask a question from Mr. Peña. Mr. Peña stated no questions were to be asked. Mr. Rafael Vega then had no option but to openly challenge Mr. Peña's previous assertions about DIT's alleged lack of CASS Certification. Mr. Rafael Vega displayed the CASS certificates indicating to the participants that DIT was in fact certified. At this time Mr. Peña requested through the microphone for security to present itself. **Five unknown individuals appeared at Mr. Peña's request and arrested Mr. Rafael Vega in public view, removing him from the room. All this occurred in the presence of his clients, potential clients, employees, friends and family members.** All this was witnessed by the U.S. Postal Service top management in Puerto Rico and the United States. Present were Mr. Charles Mancuso, coordinator, Ms. Lilly Young, supervisor customer service, Mr. Malave, General Post Master, and others. None of them took action to remedy the behavior of Mr. Peña, totally failing in their duties as supervisors. (Emphasis added.)

On September 28, 1998, defendant filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim under which relief can be granted. FED. R. CIV. PROC. 12 (b)(1) & (6). Defendant argues that the amended complaint should be dismissed for three primary reasons. First, because under 28 U.S.C. § 2675 (a) plaintiff failed to provide the USPS with notice of his claims of negligent supervision, intentional infliction of emotional distress, and false arrest or imprisonment. Second, because plaintiff's claim of negligent supervision is barred by

the discretionary function exception of 28 U.S.C. § 2680 (a). And third, because plaintiff's claim for intentional infliction of emotional distress arises out of torts which are barred by 28 U.S.C. § 2680 (h).

## II.

**STANDARDS FOR MOTION TO DISMISS AND SUMMARY JUDGMENT**

Rule 12(b)(6) and 12(b)(1) of the FEDERAL RULES OF CIVIL PROCEDURE provide that a defendant may, in response to an initial pleading, file a motion to dismiss the complaint for lack of jurisdiction or for failure to state a claim upon which relief can be granted, respectively. It is well-settled, however, that a complaint should not be dismissed unless it appears beyond any doubt that the plaintiff can prove no set of facts which would support a claim entitling him or her to relief. Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir. 1995); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); see also Miranda v. Ponce Federal Bank, 948 F. 2d. 41, 44 (1st Cir. 1991). The Court must accept as true the well pleaded factual averments contained in the complaint, while at the same time drawing all reasonable inferences from the allegations in favor of the plaintiff. See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 276, 96 S.Ct. 2574, 2577 (1976); Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 51 (1st Cir. 1990); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). However, "[b]ecause only well pleaded facts are taken as true, we will not accept a complainant's unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).

In opposing a Rule 12(b)(6) motion to dismiss, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Technology, 950 F.2d 13, 22 (1st Cir.

3

1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. Id. at 23 (citing Correa-Martinez, 903 F.2d at 52; Dartmouth Review, 889 F.2d 13, 16 (1st Cir. 1989); Ryan v. Scoggin, 245 F.2d 54, 57 (10th Cir. 1957). Plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

Moreover, when the parties have added documents outside of the pleadings to the 12(b)(6) motion, Rule 12(b) allows the Court to convert the motion to dismiss into a motion for summary judgment under FED R. CIV. PROC. 56. Garita Hotel, Ltd. v. Ponce Federal Bank, 958 F.2d 15, 18-19 (1st Cir. 1992). The approach employed in making this conversion is a "functional approach." If documents outside the pleadings are included and the Court uses those documents in making its determination, the Court will adjudicate the movant's motion following the standards for summary judgment. C.B. Trucking, Inc. v. Waste Management, Inc., 137 F.3d 41, 43 (1st Cri. 1998).

The Court will grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R .CIV. P. 56(c). To defeat a motion for summary judgment, the resisting party will have to show the existence of "a trial worthy issue as to some material facts." Cortes-Irizarry v. Corporación Insular,111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if the same "potentially affect[s] the suit's determination." Garside v. Osco Drug Inc., 895 F.2d 46, 48 (1st Cir. 1990). "An issue concerning such a fact is 'genuine' if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment,

could resolve the dispute in that party's favor." Cortes-Irizarry, 111 F.3d at 187. The movant of course, must not only show that there is "no genuine issue of material facts," but also, that he is "entitled to judgment as a matter of law." Vega-Rodriguez, 110 F.3d at 178. Further, the court is required to examine the record "drawing all reasonable inferences helpful to the party resisting summary judgment." Cortes-Irizarry. 111 F.3d at 187. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood . . ." Greenburg v. Puerto Rico Maritime Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The facts must be examined under the above criteria because on a potential appeal the appellate court examines "the undisputed facts in the light most congenial to the appellants and adopts their version of any contested facts which are material to our consideration of the issues." Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

In the instant case defendant's motion to dismiss was accompanied with documents which attempt to show the inexistence of any genuine issue of material fact. The Court has considered these documents in reaching its determination. Accordingly, defendants' motion is adjudicated under the standards set forth above for motions for summary judgment.

### III.

### FEDERAL TORTS CLAIMS ACT

*Administrative Notice Requirements of the FTCA*

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, 2671-2680, was approved by Congress as an affirmative act of waiving the sovereign immunity of the United States to suits in tort. In the exercise of this power, Congress clearly delineated the conditions under which the

United States could be sued. <u>Santiago Ramírez v. Secretary of Dept. of Defense</u>, 984 F.2d 16, 18 (1st Cir. 1993); <u>Del Valle Rivera v. United States</u>, 626 F.Supp. 347 (D.P.R. 1986). Specifically, section 2675 of the FTCA establishes as a jurisdictional requirement that all potential plaintiffs give administrative notice to the Government of the nature of any claim against the United States and the amount of damages requested.[2] <u>Santiago Ramírez</u>, 984 F.2d 16, 18 (1st Cir. 1993). The purpose of this claims process is "to furnish notice to the government sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all." <u>López v. United States</u>, 758 F.2d 806, 809-810 (1st Cir. 1985). Failure to timely file this notice results in plaintiff's claims being dismissed and "forever barred", since the filing of the notice is a nonwaivable jurisdictional requirement. <u>Santiago Ramírez</u>, 984 F.2d at 18; <u>Corte-Real v. United States</u>, 949 F.2d 485, 485(1st Cir. 1991).

A plaintiff is found to have provided adequate notice under section 2675 if he or she provides a claim form or other written notification which includes "sufficient information" for the agency to investigate plaintiff's claims and the amount of damages sought. <u>Id.</u> at 18. In determining whether these requirements have been complied, the First Circuit has employed a lenient approach, "recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims." <u>López</u>, 758 F.2d at 809. Notwithstanding this leniency, the FTCA's basic requirements must be fulfilled allowing the relevant agency to have enough information to reasonably begin an

---

[1]Section 2675 (a) states in pertinent part: "An action shall not be instituted upon a claim against the United States for money damages... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the agency in writing and sent by certified or registered mail."

investigation of the claim and place value on the total claim. Santiago Ramírez, 984 F.2d at 19; Del Valle Rivera, 626 F.Supp. at 349.

Pursuant to the requirements of the law, on September 26, 1996, plaintiff presented an administrative claim before the USPS.[3] Plaintiff's claim, however, failed to mention any facts to remotely alert the agency of a claim based on theories of false arrest or imprisonment, or of intentional infliction of emotional distress and negligent supervision arising out of plaintiff's false

---

[3]Plaintiff's claim states in pertinent part:
    During the month of July 1995, the USPS celebrated a convention in Puerto Rico called "Automail 95". The purpose of this convention was among other to allow vendors of mail processing products to present their products and/or systems to prospective clients. DMI sponsored a booth at said convention at which he acquired CASS certificates were publicly displayed; however, Mr. Luis Rafael Peña at the time Customer Service Manager for the USPS Caribbean District informed the participants, which were all potential customers, that no entity in Puerto Rico had CASS Certification, not withstanding the fact that he well knew that DIS was in fact certified, as evidence to that effect had been presented to him and other USPS Officers in Puerto Rico. Mr. Luis Rafael Peña advised that here was a new additional certification which was necessary in order to do business in Puerto Rico allegedly named the "Enhanced Regional CASS Certification". Employees and agents of the USPS among them Mr. Luis Rafael Peña advised numerous DIS customers and potential customers such as, P.R. Telephone Company, Hacienda, P.R. Aqueducts and Sewer Authority, Banco Popular, Banco Santander and others that they could not do business with DIS, as it allegedly lacked the proper certification.
    Mr. Peña, and Mr. Malave, the general post master for Puerto Rico and the U.S. Virgin Islands, were questioned on several occasions as to the requirements of the new certification; however, it was not until October 27, 1995 that Mr. Peña advised DIT as to the upcoming test for the new certification. This test and additional requirements of which the U.S.P.S. higher authorities in Washington, D.C. and Memphis, Tennessee had no knowledge was questioned by DIT, and eventually on September 22, 1995, Mr. Robert G. Krause, Manager for Address Management for the U.S.P.S., advised that the test was optional, and was not a requirement to claim postage discounts. (see exhibit two).
    Not withstanding the above, Mr. Luis Rafael Peña and other postal employees such as his assistance Mr. Rios, continued informing DIT's clients and prospective clients that said corporation was not authorized to do business in Puerto Rico due to the lack of the previously discussed additional requirement causing DIT's existing clients not to renew their contracts and other known prospective clients which had contacted DIT to retain their services not to do so.
    All of the above caused and continued to cause damages to DIT in an approximate amount of $5,000,000.00. These damages are the sole responsibility and were caused by the negligence, intentional tortious contractual interference, and discrimination under the Civil Rights Act by employees of the U.S. Postal Service, acting under color of law and authority, and are actionable...
(Docket No.17, Exhibit A)

arrest or imprisonment. Plaintiff could have easily brought to the attention of the USPS that during the Automail 95 convention security personnel removed him from the convention room under the instructions and in the presence of USPS management personnel. Plaintiff, however, failed to do so and the facts that plaintiff did allege in his administrative complaint do not include at all any facts as to an arrest by agents of a USPS manager and physical removal of plaintiff. That is, the original scope of the claim, even under a liberal reading, does not allow an inference of false arrest or imprisonment. <u>Compare with</u> <u>Parra Vda. de Mirabal v. United States</u>, 675 F.Supp. (D.P.R. 1987).[4] Plaintiff's claims, thus, fall beyond the scope of plaintiff's administrative notice. Accordingly, this Court lacks subject matter jurisdiction to entertain plaintiff's complaint.

For the reasons stated above plaintiff's complaint is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.[5]

Date: September _30_, 1999

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N\97-2187 DIS

---

[3]Plaintiff's amended complaint does precisely what plaintiff was forewarned could not be done. (See footnote 1 this opinion). The complaint presents claims which are out of bounds of the administrative notice filed before the USPS on September 26, 1996.

[4]Because plaintiff's complaint is dismissed for failure to provide administrative notice under 28 U.S.C. § 2675 (a), defendant's other alternate grounds for dismissal are not discussed.

8